UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY A. SAFFORD,
DENISE A. SAFFORD,

               Plaintiffs,

v.                                                   Case Number 09-14925-BC
                                                   Honorable Thomas L. Ludington

PRECISION FUNDING, MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, COUNTRYWIDE HOME
LOANS, INC., BANK OF AMERICA,

               Defendants.
_____ /

## ORDER GRANTING DEFENDANTS MERS, COUNTRYWIDE, AND BANK OF AMERICA'S MOTION TO DISMISS AND DISMISSING PLAINTIFFS' CLAIMS AGAINST DEFENDANTS MERS, COUNTRYWIDE, AND BANK OF AMERICA WITH PREJUDICE

On December 21, 2009, Defendants Mortgage Electronic Registration Systems ("MERS"), Countrywide Home Loans, Inc. ("Countrywide"), and Bank of America ("BOA") filed a notice of removal of Plaintiffs Jeffrey and Denise Safford's complaint from Alpena County Circuit Court on the basis of diversity jurisdiction. The remaining Defendant, Precision Funding, has not yet been served or appeared. *See* [Dkt. # 9]. Plaintiffs' complaint alleges five claims under Michigan law, arising out of circumstances surrounding their home mortgage loan, including: (1) fraudulent inducement against all Defendants; (2) violations of the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act ("MBLSLA"), Mich. Comp. Laws § 445.1651, against all Defendants; (3) breach of contract against all Defendants; (4) wrongful foreclosure against MERS, Countrywide, and BOA; and (5) slander of title against Countrywide and BOA.

Now before the Court is a motion to dismiss [Dkt. # 6] filed on December 23, 2009, by MERS, Countrywide, and BOA (collectively, "Defendants"). Plaintiffs did not file a response. The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. E.D. Mich. LR 7.1(e)(2). For the reasons stated below, Defendants' motion will be granted.

I

Except where otherwise noted, the following facts are alleged in Plaintiffs' complaint:

Plaintiffs' principal residence is a home at 20858 Hunt Road, Hillman, Alpena County, Michigan 49746. In August 2004, Plaintiffs purchased the home and obtained a fixed rate mortgage loan for $124,000 with a lender known as First Federal of Northern Michigan in Alpena, Michigan.

At some point in 2005, as a result of incurring considerable medical expenses, Plaintiffs sought to refinance their mortgage. They were contacted by "Ryan" from Precision Funding, who told them that refinancing their debt with Precision Funding would allow them to consolidate their debt, and that after one year of an increased payment, they could refinance again to lower their interest rate at "no cost." After receiving a "personal letter" from James Chapman,[1] Plaintiffs refinanced their mortgage loan with Precision Funding.

Defendants assert in their motion to dismiss that Precision Funding is a mortgage broker. Defendants state that on March 17, 2006, Plaintiffs refinanced their loan from First Federal and other

---

[1] Plaintiffs' complaint refers to the letter as Exhibit A, but it is not apparent that the letter was actually attached to the filed complaint.

existing obligations by applying for and obtaining a loan in the amount of $144,637 from Countrywide with Precision Funding's assistance. *See* Defs. Br. Ex. B (loan note). The loan note provides for interest to accrue at 6.5% "per year until the full amount of principal has been paid." To secure the note, Plaintiffs granted a mortgage on the property to MERS, solely as nominee for Countrywide and Countrywide's successors and assigns. *See* Defs. Br. Ex. C (mortgage).

Plaintiffs allege that they kept up with the loan payments for the following year and then contacted Precision Funding to refinance. Plaintiffs were informed that the loan had been sold to Countrywide who would also service the loan; thus, Plaintiffs could not refinance their home through Precision Funding. For months, Plaintiffs attempted to contact Countrywide to refinance their loan, but they could not reach anyone to speak to about refinancing, despite the fact that the loan was not in default.

At some point, Plaintiffs were contacted by BOA, and were told that BOA owned the loan. BOA told Plaintiffs that they knew nothing about any attempts to refinance. A BOA representative told Plaintiffs that they had to pay $25,000 immediately in order to "fix the mess" and allow an application to refinance to go forward.

In their motion to dismiss, Defendants state that Plaintiffs defaulted on the loan and that the servicer of the mortgage foreclosed the loan. Defendants identify the servicer of the loan as BAC Home Loans Servicing LP, formerly known as Countrywide Home Loans Servicing, LP. BOA is the parent corporation to BAC Home Loans Servicing LP.

An advertisement for the mortgage sale was published four times between August 15, 2008, and September 5, 2008. *See* Defs. Br. Ex. D. MERS purchased the property for $150,411.92 at the foreclosure sale on October 10, 2008. *Id.* On October 15, 2008, MERS transferred its interest to

Countrywide for one dollar by quit claim deed. *See* Defs. Br. Ex. E (quit claim deed). On October 20, 2008, the deed was recorded in Liber. Plaintiffs did not redeem the property.

Plaintiffs allege that MERS "holds mortgage loans in a nominee capacity and through its electronic registry, tracks changes in the ownership of mortgage loans and servicing rights thereto." Plaintiffs further allege that as a nominee, MERS "has no financial or other interest in whether or not a mortgage loan is repaid," and no standing to pursue a foreclosure of Plaintiffs' mortgage.

Plaintiffs generally allege:

> (a) Misrepresentation by the agents, employees and officers of the named Defendants as to increased interest rates, duration of the mortgage notes and payment amounts;
>
> (b) Lack of proper disclosures of loan terms as required by TILA and the Michigan Mortgage Lending Statutes;
>
> (c) Unlawful closing of the refinances of the mortgage loans in that documents prepared for signature by Defendants were grossly different from the representations by the Defendants prior to close.

Compl. ¶ 16. Plaintiffs seek statutory, actual, and exemplary damages, enjoining of any foreclosure or eviction by judicial or statutory means, costs and attorney fees, and any further relief that is necessary and just.

II

Defendants move to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In considering a motion to dismiss brought under Rule 12(b)(6), "[t]he court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). Yet, to survive a Rule 12(b)(6) motion, a plaintiff's complaint "must contain either direct or inferential allegations respecting all the material elements [of the claim] to sustain a recovery under some viable legal theory." *First Am. Title Co. v. Devaugh*, 480 F.3d 438, 444 (6th Cir. 2007) (internal quotation

omitted). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Twombly v. Bell*, 550 U.S. 544, 555 (2007) (explaining that a complaint must contain something more than a statement of facts that merely creates speculation or suspicion of a legally cognizable cause of action). "When a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

III

As a threshold issue, Defendants allege that all of Plaintiffs' claims against BOA should be dismissed because BOA is "an improper party" when it did not make Plaintiffs' loan, was never assigned the loan, is not the servicer of the loan, did not foreclose the mortgage, and has never had any interest in the loan. Defendants emphasize that there is no reference to BOA in the loan note, the mortgage, or the Sheriff's deed.

Nonetheless, Defendants acknowledge that BOA is the parent corporation of BAC Home Loans Servicing LP, formerly known as Countrywide Home Loans Servicing, LP, which is the servicer of Plaintiffs' loan. BOA has not explained how it acquired Countrywide Home Loans Servicing, LP, or how it manages the affiliate. Yet, the issue was not raised by Plaintiffs, and the Court should not, and therefore, will not address it here. Rather, each of Plaintiffs' claims will be resolved on the more specific grounds raised by Defendants' motion.

A

Defendants contend that Plaintiffs' claim for fraud in the inducement against them should be dismissed because it was not plead with sufficient particularity pursuant to Federal Rule of Civil Procedure 9(b). In *Coffey v. Foamex LP*, the Sixth Circuit explained:

> Fed. R. Civ. P. 9(b) requires that averments of fraud must be stated with particularity. The Sixth Circuit reads this rule liberally, however, requiring a plaintiff, at a minimum, to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Ballan v. Upjohn Co.*, 814 F.Supp. 1375, 1385 (W.D. Mich.1992) (citing *Michaels Bldg. Co. v. Ameritrust Co. N.A.*, 848 F.2d 674, 679 (6th Cir. 1988)). However, "allegations of fraudulent misrepresentation must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Id.* The threshold test is whether the complaint places the defendant on "sufficient notice of the misrepresentation," allowing the defendants to "answer, addressing in an informed way plaintiffs [sic] claim of fraud." *Brewer* [*v. Monsanto Corp.*], 644 F.Supp. [1267,] 1273 [(M.D. Tenn.1986)].

2 F.3d 157, 161-62 (6th Cir. 1993).

Defendants contend that Plaintiffs do not allege that any representative of Defendants made any misrepresentations regarding Plaintiffs' loan or had any contact with Plaintiffs before their loan closed. Defendants further contend that Plaintiffs do not allege what the false payment amounts and disclosures were or what misrepresentations as to interest rates and the duration of the mortgage notes were made, when the alleged misrepresentations were made, the employee or representative of any Defendant that made the representations, how any such representations were false, or how Plaintiffs relied on any misrepresentations.

While Plaintiffs allege a few specific facts as to alleged misrepresentations made by "Ryan" of Precision Funding, Plaintiffs do not allege any misrepresentations made by MERS, Countrywide, and BOA, nor do they allege any other specific facts to support a fraudulent inducement claim against those Defendants. Plaintiffs allege only the following conclusory statements: "Plaintiffs

-6-

relied on the representations of Defendants in entering into the refinances of their principal home loan," "[t]he representations made by the Defendants were with the intent and purpose of inducing the Plaintiffs to enter into the loan agreements; all to their detriment," "Plaintiffs in fact relied on the representations when made when entering into said loan agreements," "[t]he representations were false when made," "[t]he Defendants at the time of making the representations knew the representations were false or were made with reckless disregard for the truth," and "[a]s a direct and proximate result of the fraudulent statements, misrepresentations and omissions made by the Defendants, Plaintiffs were injured and incurred actual damages. . . ."

MERS, Countrywide, and BOA are entitled to dismissal of Plaintiffs' fraudulent inducement claims because Plaintiffs plead conclusory statements rather than any particularized facts as to the actions of those Defendants. Alternatively, Defendants contend that the statute of frauds bars Plaintiffs' claim. Michigan law provides that:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
>
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
>
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Laws § 566.132(2). Defendants note that application of the statute of frauds is not dependent on the specific cause of action plead. *See, e.g.*, *Republic Bank v. Britton Estates LLC*, No. 258616, 2006 WL 445916, at *4 ("Even if promises were actionable, the claims would be precluded by the statute of frauds, the applicability of which is not dependent on the label attached to [the] cause of action."). The statute of frauds provides an alternate ground for dismissal of

Plaintiffs' fraudulent inducement claim because Plaintiffs have not alleged any written promises by Defendants.

B

Defendants contend that Plaintiffs' claim under the Michigan MBLSLA should be dismissed because Plaintiffs did not plead any misrepresentations by MERS, Countrywide, or BOA, citing *Lancaster v. Countrywide Home Loans, Inc.*, No. 09-12198, 2009 WL 2584736, at *7 (E.D. Mich. Aug. 19, 2009). In *Lancaster*, the court dismissed the plaintiff's claim under the Michigan MBLSLA when the plaintiff's claim was based on a fraud claim that had previously been voluntarily dismissed and the plaintiff did not allege any further specific facts to support the MBLSLA claim. *Id.*

Here, Plaintiffs allege that Defendants' "fraudulent actions and misrepresentations" violated Mich. Comp. Laws §§ 445.1672(a) and (b), which provide:

> It is a violation of this act for a licensee or registrant to do any of the following:
>
> (a) Fail to conduct the business in accordance with law, this act, or a rule promulgated or order issued under this act.
>
> (b) Engage in fraud, deceit, or material misrepresentation in connection with any transaction governed by this act.

Similar to the situation confronted by the court in *Lancaster*, Plaintiffs have not alleged any specific facts to support any misrepresentations by Defendants and Plaintiffs' fraudulent inducement claims have been dismissed above. Plaintiffs have not identified any misrepresentations by these Defendants and the claim will be dismissed.

C

Defendants also contend that they are entitled to dismissal of Plaintiffs' breach of contract claim because Plaintiffs do not allege the elements of a breach of contract claim. Defendants assert

that the elements of a breach of contract claim are (1) a contract between the parties; (2) a breach of the contract by the defendant; and (3) damages resulting from the defendant's breach, citing Mich. Civ. Jury Instr. 142.01. With respect to their breach of contract claim, Plaintiffs allege that "Defendants contracted and undertook to provide to Plaintiffs a discounted interest rate if Plaintiffs paid a loan discount fee," "Plaintiff paid the fee, but did not receive a discounted rate," and "Defendant breached its agreement, and Plaintiffs were damaged as a result."

Additionally, Plaintiffs arguably allege contracts by way of the March 17, 2006, loan from Countrywide to Plaintiffs and the mortgage with MERS, as nominee for Countrywide. However, neither of these documents contain an agreement "to provide to Plaintiffs a discounted interest rate if Plaintiffs paid a loan discount fee." Such an agreement is the only agreement that Plaintiffs allege Defendants breached, and the only allegations related to such an agreement relate to Precision Funding. *See* Compl. ¶ 9. Further, as discussed above with respect to Plaintiffs' fraudulent inducement claim, Plaintiffs' breach of contract claim is barred by the statute of frauds because Plaintiffs have not alleged the breach of any written agreement. Thus, Defendants MERS, Countrywide, and BOA are entitled to dismissal of Plaintiffs' breach of contract claim.

D

With respect to their wrongful disclosure claim, Plaintiffs allege that none of MERS, Countrywide, or BOA are "the owners of the indebtedness nor have an interest in the indebtedness secured by the mortgage or the servicing agents of the mortgage since the indebtedness had been previously securitized to "Precision One" and not properly transferred to these defendants." Compl. ¶ 37. Defendants contend that Plaintiffs' wrongful foreclosure claim should be dismissed because MERS and Countrywide have the requisite interest in the indebtedness. Defendants concede that

BOA has no interest in the indebtedness, but emphasize that BOA never attempted to foreclose the mortgage.

Under Michigan law, a party may foreclose if, inter alia, "[t]he party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." Mich. Comp. Laws § 600.3204(1)(d). Here, the mortgage identifies Countrywide as the lender, *see* Defs. Br. Ex. B, and MERS as the mortgagee, *see* Defs. Br. Ex. C. Defendants state that the servicer, identified as BAC Home Loans Servicing LP, formerly known as Countrywide Home Loans Servicing, LP, foreclosed the loan.

Given the underlying loan documents attached to Defendants' motion to dismiss, Plaintiffs fail to state a claim for wrongful foreclosure pursuant to Rule 12(b)(6). While Plaintiffs' complaint alleges that Defendants do not have the requisite interest because the loan was "securitized to 'Precision One,'" Plaintiffs have not defended this allegation in response to Defendants' motion to dismiss, nor have they provided an explanation as to how the alleged securitization would affect Defendants' interests.

E

Finally, Defendants Countrywide and BOA contend that they are entitled to dismissal of Plaintiffs' slander of title claim because BOA did not foreclose the mortgage and the mortgage was properly foreclosed by the servicer, BAC Home Loans Servicing LP, formerly known as Countrywide Home Loans Servicing, LP. Further, Defendants contend that Plaintiffs did not plead the elements of a slander of title claim, which include (1) a false statement of the defendant affecting the plaintiff's right to the property; (2) malice; and (3) special damages, citing *B&B Investment Group v. Gitler*, 581 N.W.2d 17, 20 (Mich. Ct. App. 1998), and Mich. Comp. Laws § 565.108.

Defendants specifically contend that Plaintiffs did not plead a false statement or malice. Arguably, Plaintiffs plead a false statement – they allege that Defendants "caused to be recorded various documents including a Sheriff Deed on Mortgage Sale which has impaired the Plaintiffs title." Compl. ¶ 44. It is fair to infer from Plaintiffs' allegations that they contend that the Sheriff's Deed is comprised of false statements because Defendants allegedly did not have legal standing to foreclose the mortgage. *See* Compl. ¶ 43. Nonetheless, Plaintiffs did not allege malice, and Countrywide and BOA are entitled to dismissal of Plaintiffs' claim on that ground.

IV

Accordingly, it is **ORDERED** that Defendants MERS, Countrywide, and Bank of America's motion to dismiss [Dkt. # 6] is **GRANTED**.

It is further **ORDERED** that all of Plaintiffs' claims against MERS, Countrywide, and Bank of America are **DISMISSED WITH PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 9, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 9, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS